ERIC BOYER and LOURDES BOYER,

      Plaintiffs,

v.

LAND ROVER NORTH AMERICA, INC.,

      Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Jaguar Land Rover North America, LLC's ("Defendant") Motion to Dismiss, ECF No. [13] ("Motion"). Plaintiffs Eric Boyer and Lourdes Boyer (together, "Plaintiffs") filed a Response, ECF No. [20] ("Response"). Defendant did not file a Reply. The Court has carefully reviewed the Motion and Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part.

## I.      BACKGROUND

This case arises as a result of alleged defects in the climate control system of Plaintiffs' vehicle. In the First Amended Complaint, ECF No. [7], Plaintiffs allege that they purchased a new 2016 Land Rover that was manufactured and sold by Defendant from one of its authorized dealerships. Since the time of purchase, Plaintiffs have had to take their vehicle for repairs on at least four separate occasions. According to the First Amended Complaint, a fuel tank issue was eventually remedied by Defendant, but the climate control issue remains, despite Defendant's awareness that the vehicle contains a defect that causes the vehicle not to cool properly. This awareness is allegedly evidenced by two Technical Service Bulletins ("TSBs") issued in April and

June of 2017. Despite repeated attempts by Defendant's authorized dealership, the climate control defect has not been fixed.

As a result, Plaintiffs assert three claims against Defendant for breach of warranty pursuant to the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq*. (Count 1); breach of express warranties (Count 2); and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201-501.213 (Count 3).

## II.    LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III. DISCUSSION

In the Motion, Defendant first argues that, contrary to the allegations in the Amended Complaint, Defendant did not breach its express limited warranty. Defendant attaches a copy of the express written limited warranty, ECF No. [13-1] ("Warranty"), which Defendant contends conflicts with the allegations in the First Amended Complaint. In response, Plaintiffs argue that the Court may not consider the Warranty because it was not attached to the First Amended Complaint.

The mere fact that Plaintiffs did not attach the Warranty to the First Amended Complaint does not mean that the Court may not properly consider it upon a motion to dismiss. It is well-settled that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) ([A] document central to the complaint

that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute.") (citation omitted). In the Amended Complaint, Plaintiffs affirmatively allege that the sale of their vehicle was accompanied by the new vehicle limited warranty. ECF No. [7] ¶ 9. In addition, Plaintiffs do not dispute the authenticity of the document attached to the Motion.

Upon review of the Warranty, the Court agrees that it conflicts with some of the allegations in the First Amended Complaint, and that Defendant did not make some of the promises as alleged in the First Amended Complaint. In the First Amended Complaint, Plaintiffs allege that Defendant expressly warranted the following:

> a. The subject vehicle was fit for the purposes of safe, reliable and attractive transportation;
> b. The subject vehicle was of good, sound and merchantable quality;
> c. The subject vehicle was free from defective parts and workmanship;
> d. The subject vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs;
> e. In the event the subject vehicles were not free from defective parts or workmanship as set forth above, the Defendant would repair or replace same without cost to Plaintiffs; and
> f. That any defects or non-conformities would be cured within a reasonable time.

ECF No. [7] ¶ 33. While the Warranty purports to be "bumper to bumper," it expressly states only, in pertinent part, that "repairs required to correct defects in factory-supplied materials or factory workmanship will be performed without charge upon presentment for service; any component covered by this warranty found to be defective in materials or workmanship will be repaired, or replaced, without charge . . . ." ECF No. [13-1] at 7, 9. Plaintiffs have not alleged which provisions of the Warranty would otherwise cover purported promises a. through d. and f. in paragraph 33 of the First Amended Complaint. Moreover, while the Warranty states further that the owner may be entitled to the benefit of certain implied warranties, including an implied warranty of merchantability or an implied warranty of fitness for a particular purpose, Plaintiffs do not assert

claims for breach of implied warranties in this case. As such, to the extent that Plaintiffs' claims in Counts 1 and 2 are premised upon breaches of the representations alleged in subsections a., b., c., d., and f. of paragraph 33 of the Amended Complaint, they are due to be dismissed.

Defendant argues next that Plaintiffs' request for revocation of acceptance should be dismissed for lack of privity because Defendant, as the manufacturer, is the warrantor of the vehicle, not the seller. In response, Plaintiffs argue that it is improper for the Court to consider the privity of the parties at the dismissal stage.

At the outset, the Court notes again that the First Amended Complaint does not seek relief for the breach of any implied warranty. While the Court must look to state law to determine privity for a claim involving the breach of an implied warranty, *Gill v. Blue Bird Body Company*, 147 F. App'x 807, 810 (11th Cir. 2005), the same is not true of a claim for breach of a written warranty. 15 U.S.C. § 2301(6); *Yvon v. Baja Marine Corp.*, 495 F. Supp. 2d 1179, 1184 n.4 (N.D. Fla. 2007) ("Defendants correctly concede that transactional privity is not required to support an express warranty claim under the Magnuson-Moss Warranty Act."). Nevertheless, the question remains as to whether privity is required to seek the remedy of revocation of acceptance.

The MMWA is silent as the amount and types of damages that may be awarded for breach of an express warranty. *See* 15 U.S.C. § 2310(d)(1) ("a consumer . . . may bring suit for damages and other legal and equitable relief"). However, the MMWA also provides that nothing in the MMWA "shall invalidate or restrict any right or remedy of any consumer under State law . . . ." 15 U.S.C. § 2311(b)(1). As such, the Court turns to Florida law to determine whether privity is required for revocation of acceptance in a claim for breach of an express warranty. *Gill*, 147 F. App'x at 810; *see also Zelyony v. Porsche Cars N. Am., Inc.*, No. 08-20090-CIV, 2008 WL 1776975, at *2 (S.D. Fla. Apr. 16, 2008). Under Florida law, revocation is not a remedy available against a manufacturer absent privity of contract. *Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450,

459 (Fla. 3d DCA 2005). It is also clear that revocation is not available for Plaintiffs' claims of breach of express warranties under the Florida Statutes. *See* Fla. Stat. § 672.608 (contemplating revocation in transactions between a "buyer" and "seller"). Here, Plaintiffs have not alleged any facts that would give rise to a plausible inference that they were in privity with Defendant, such that their request for revocation of acceptance may survive dismissal under the *Twombly-Iqbal* standard. Accordingly, Plaintiffs' request for revocation of acceptance will be dismissed.

Finally, Defendant argues that Plaintiffs may not recover punitive damages, and that attorneys' fees are not available for Count 2, Plaintiffs' claim under the Florida Uniform Commercial Code ("Florida UCC"), Fla. Stat. § 672.101, *et seq*. In response, Plaintiffs concede that punitive damages are not permitted for breach of warranty claims, and that attorneys' fees are not available for their claims under the Florida UCC. Accordingly, the Court will grant Defendant's request to strike the request for punitive damages, and request for attorneys' fees with respect to the Florida UCC claim (Count 2).

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion, **ECF No. [13]**, is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Counts 1 and 2 are dismissed to the extent that they are premised upon breaches of the representations alleged in subsections a., b., c., d., and f. of paragraph 33 of the Amended Complaint;

2. Plaintiffs' request for revocation of acceptance is dismissed;

3. Plaintiffs' request for punitive damages is stricken; and

4. Plaintiffs' request for attorneys' fees in connection with Count 2 is stricken.

To the extent that Plaintiffs may in good faith remedy the deficiencies noted in this Order, Plaintiffs may file a Second Amended Complaint **no later than January 21, 2020**. If Plaintiffs do not file

a Second Amended Complaint, Defendant shall file its Answer to the First Amended Complaint

**no later than January 24, 2020.**

       **DONE AND ORDERED** in Chambers at Miami, Florida, on January 9, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record